1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT
                                   WESTERN DISTRICT OF WASHINGTON
                                              AT SEATTLE

9

10   PAUL COLVIN & PATRICIA                              CASE NO. C14-1962JLR
     GUERTIN,
11                                                       ORDER DEFERRING RULING
                             Plaintiffs,                 ON DEFENDANTS' MOTION
12                                                       FOR SUMMARY JUDGMENT
                                                         AND GRANTING
13          v.                                           DEFENDANTS' MOTION TO
                                                         STRIKE PLAINTIFFS'
14   JAMES YOUNG & CAROLYN                               SUPPLEMENTAL
     TOOLEY-YOUNG,                                       DECLARATION
15
                             Defendants.

16                              I.       INTRODUCTION

17          Before the court are Defendants James Young and Carolyn Tooley-Young's

18   motion for summary judgment (Dkt. # 7) and motion to strike (Dkt. # 12) Plaintiff Paul

19   Colvin's supplemental declaration (Dkt # 11).  The court has reviewed Defendants'

20   motions, all submissions filed in support of and in opposition thereto, the balance of the

21   record, and the applicable law.  Being fully advised, the court GRANTS Defendants'

22   motion to strike and DEFERS RULING on Defendants' motion for summary judgment

1    until after the parties conduct a limited amount of discovery pursuant to Federal Rule of

2    Civil Procedure 56(d).

3                          **II.      BACKGROUND**

4         This action arises out of an alleged violation of the Electronic Communications

5    Privacy Act (ECPA), 18 U.S.C. §§ 2510-2522, which prohibits the interception of oral

6    communications.[1]  (Compl. (Dkt. # 1) ¶¶ 3.1-3.2.)  Plaintiffs and Defendants own and

7    reside on adjoining properties and have been engaged in prior litigation in state court

8    regarding the boundary line between their properties.  (Young Decl. (Dkt. # 7) ¶¶ 3-19.)

9    Between July 2011 and August 2012, Defendants operated a security camera on their

10   property.  (*Id.* at ¶¶ 13-16.)  On June 16, 2012, Plaintiffs complained to local law

11   enforcement that the Defendants' security camera was pointed at Plaintiffs' home.

12   (Compl. Ex. B. ("Incident Report") at 20.)  Defendants removed the security camera

13   before June 21, 2012.  (*See id.* at 24.)

14        On December 24, 2014, Plaintiffs filed this action for damages and declaratory

15   relief.  (*See* Compl.)  Pursuant to Federal Rule of Civil Procedure 26 and this court's

16   scheduling order, the parties were not permitted to begin discovery until March 24, 2015.

17   (Sched. Ord. (Dkt. # 6) at 1.)  Defendants filed their motion for summary judgment on

18   February 13, 2015, more than a month prior to that date.  (*See* Mot. (Dkt. # 7).)

19

20         [1] The ECPA expressly provides a private cause of action.  *See* 18 U.S.C. § 2520(a)
21   ("[A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or
     intentionally used in violation of this chapter may in a civil action recover from the person or
     entity, other than the United States, which engaged in that violation such relief as may be
22   appropriate.").

ORDER- 2

1  Defendants' motion for summary judgment was noted for consideration on March 13,

2  2015.  (*See id.* at 1.)

3         Mr. Colvin submitted a supplemental declaration in response to Defendants'

4  motion for summary judgment on March 17, 2015.  (Supp. Colvin Decl. (Dkt. # 11).)

5  Defendants moved to strike this supplemental declaration.  (Mot. to Strike (Dkt. # 12).)

6  Plaintiffs filed no response to Defendants' motion to strike.  (*See generally* Dkt.)

7  Defendants' motion for summary judgment and motion to strike are now before the court.

8                    **III.    DISCUSSION**

9  **A.    Defendants' Motion to Strike**

10        Defendants move to strike the supplemental declaration filed by Mr. Colvin on the

11  grounds that (1) Plaintiffs filed the declaration after March 13, 2015, which was the

12  noting date for Defendants' motion for summary judgment, and (2) Mr. Colvin failed to

13  sign and date the declaration.  (Mot. to Strike at 1-2.)  The court need not consider the

14  timeliness of Mr. Colvin's supplemental declaration because the lack of his signature is

15  dispositive of Defendants' motion.

16        Declarations must be signed and certified as true under penalty of perjury.  *See* 28

17  U.S.C. § 1746.  Unsworn declarations must at least substantially comply with the

18  requirements of 28 U.S.C. § 1746.  *See Commodity Futures Trading Comm'n v.*

19  *Topworth Int'l, Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 1999).  Furthermore, pursuant to

20  Federal Rule of Civil Procedure 11(a), "[t]he court must strike an unsigned paper unless

21  the omission is promptly corrected after being called to the attorney's or party's

22  attention."  Fed. R. Civ. P. 11(a).

ORDER- 3

1    Mr. Colvin submitted his supplemental declaration on March 17, 2015.  (*See* Supp.

2    Colvin Decl.)  Defendants filed their motion to strike on March 18, 2015, calling Mr.

3    Colvin's attention the omission of his signature.  (Mot. to Strike at 2.)  Mr. Colvin failed

4    to remedy this omission.  To date, he has not filed a properly signed copy of his

5    supplemental declaration.  (*See generally* Dkt.)  Indeed, as noted above, Plaintiffs did not

6    respond at all to Defendants' motion to strike.[2]  The supplemental declaration does not

7    comply with either 28 U.S.C. § 1746 or Rule 11(a).  Accordingly, the court grants

8    Defendants' motion to strike Mr. Colvin's supplemental declaration.

9    **B.    Defendants' Motion for Summary Judgment**

10    Defendants move for summary judgment with respect to Plaintiffs' claim under

11    the ECPA.  (Mot. at 1 (citing Fed. R. Civ. P. 56(a)).)  Defendants further argue that if the

12    court grants summary judgment over this claim, which is Plaintiffs' only federal claim,

13    then the court should decline to exercise supplemental jurisdiction over Plaintiffs'

14    remaining state law claims.  (*Id.* at 4-5); *see also* 28 U.S.C. § 1367(c)(3) ("The district

15    courts may decline to exercise supplemental jurisdiction over [other claims] . . . if . . . the

16    district court has dismissed all claims over which it has original jurisdiction.")  For the

17    reasons stated below, the court defers ruling on Defendants' motion for summary

18    judgment until the parties have conducted a limited amount of discovery.

19

20

21    _____

    [2] Local Rule 7(b)(2) provides that "[e]xcept for motions for summary judgment, if a party

22    fails to file papers in opposition to a motion, such failure may be considered by the court as an
    admission that the motion has merit."  Local Rules W.D. Wash. LCR 7(b)(2).

### 1.     Standard for Summary Judgment

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).  In this inquiry, courts are required to view the facts and to draw reasonable inferences "in the light most favorable" to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).  The court regards facts asserted by the nonmoving party as true, if supported by affidavits or other evidentiary material.  *See, e.g.*, *Hunt v. Cromartie*, 526 U.S. 541, 551 (1999).

Summary judgment is not appropriate, however, when the nonmoving party has not had a sufficient opportunity to discover relevant evidence.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250 n.5, 257; *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004); *Metabolife Int'l v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001).  Federal Rule of Civil Procedure 56(d)[3] provides that the court may deny or continue a motion for summary judgment and allow time for discovery if the opposing party shows that, for specified

---

[3] Effective December 1, 2010, Rule 56 was amended and the provisions of subdivision (f) were moved to subdivision (d), without substantial change. Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."). Practice under the rule remains essentially the same, and courts apply case law that interpreted prior Rule 56(f) to current Rule 56(d). *See e.g.*, *Madsen v. Risenhoover*, Civil No. 09-5457 SBA PR., 2012 WL 2873836, at *1 n.1 (N.D. Cal. July 12, 2012); *Norwood v. Hubbard*, Civil No. 1:07-CV-00889-SMM, 2011 WL 836728, at *2 n.1 (E.D. Cal. Mar. 4, 2011).

1   reasons, the party cannot demonstrate essential facts that would preclude summary

2   judgment.  Fed. R. Civ. P. 56(d); *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914

3   F.2d 1271, 1278 (9th Cir. 1990); *Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir.

4   1987).  Courts should freely grant requests for further discovery when a party files a

5   summary judgment motion early in the litigation, before the opposing party has had a

6   realistic opportunity to pursue discovery relating to its theory of the case.  *Burlington N.*

7   *Santa Fe R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767,

8   773-74 (9th Cir. 2003).

9       Although a party's request for additional discovery need not be in the form of a

10   formal motion,[4] broad references to a need for additional discovery, or general statements

11   that some discovery is not yet complete, are insufficient under Rule 56(d).  *See, e.g.*, *Hall*

12   *v. Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986) (finding assertion that discovery would

13   "unearth facts that would reveal that there exists a genuine dispute as to material facts"

14   insufficient).  Instead, a party must identify the specific facts that further discovery would

15   reveal and explain why those facts would preclude summary judgment.  *See* Fed. R. Civ.

16   P. 56(d); *Tatum v. City & Cnty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006) ("A party

17   requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific

18   facts that further discovery would reveal, and explain why those facts would preclude

19

20       [4]A memorandum opposing summary judgment is sufficient to raise the question of
     whether additional discovery is warranted under Rule 56(d).  *Hancock v. Montgomery Ward*
21   *Long Term Disability Trust*, 787 F.2d 1302, 1306 n.1 (9th Cir. 1986) (opposition to motion for
     summary judgment sufficient to raise Rule 56(f) inquiry); s*ee also Tatum v. City & Cnty. of S.F.*,
22   441 F.3d 1090, 1100-01 (9th Cir. 2006) (declaration supporting opposition to motion for
     summary judgment sufficient to raise Rule 56(f) inquiry).

ORDER- 6

1    summary judgment."); *Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*,

2    138 F.3d 772, 779 (9th Cir. 1998) (noting that Rule 56(f) "requires litigants to submit

3    affidavits setting forth the particular facts expected from further discovery"); *Hall*, 791

4    F.2d at 761 (requiring the nonmoving party to "make more clear what information he is

5    seeking and how it would preclude summary judgment").

6    **2.    Defendants' Motion**

7        The ECPA prohibits the audio recording of third-party communications, but not

8    video recording.  *See United States v. Koyomejian*, 970 F.2d 536, 537 (9th Cir. 1992)

9    ("Silent domestic video surveillance is neither prohibited nor regulated by Title I [of the

10   ECPA].").  Defendants assert that the security camera in question does not have audio

11   recording capabilities, that Plaintiffs have failed to provide first-hand knowledge of an

12   interception of oral communications, and that Defendants are thus entitled to judgment as

13   a matter of law on this claim.  (Mot. at 2-4.)  In support of their motion for summary

14   judgment, Defendants submit the declaration of James Young.  (*See* Young Decl.)  Mr.

15   Young testifies that the video camera he installed on his property "did not have audio

16   capability."  (*Id.* ¶ 14.)  He further testifies that the camera "did not have a microphone"

17   or any other means of recording sound.  (*Id.*)

18       In response, Plaintiffs contend that they have reason to believe the camera can and

19   did record audio.  (Resp. (Dkt. # 8) at 3.)  The evidence upon which Plaintiffs rely,

20   however, is scant and speculative at best.  Plaintiffs submit a declaration from Mr. Colvin

21   relating incidents in which he believes Defendants were able to hear Plaintiffs' private

22   conversations based on Defendants' subsequent actions, which Mr. Colvin viewed as

1    suspicious.  (*See* Colvin Decl. (Dkt. # 9).)  In the first incident, Mr. Colvin said in a

2    private conversation that he would call his attorney to see if he could legally stop the

3    cutting of a tree outside his home.  (*Id.* at 2.)  Mr. Colvin testifies that an hour later, a

4    neighbor, who is not a party to this suit, threatened him and told him not to try to stop the

5    tree cutting.  (*Id.*)  In the second incident, Mr. Colvin testifies that he set up a camera to

6    take pictures of Defendants' spotlight but the spotlight turned off just when he was about

7    to take a picture.  (*Id.* at 3.)  Mr. Colvin later said in a private conversation that he wanted

8    to take a picture of the light to use in a lawsuit.  (*Id.*)  He testifies that following this

9    conversation the light has never been activated again.  (*Id.*)

10          There are limits to the sufficiency of evidence offered to support or defeat a

11   motion for summary judgment.  Conclusory or speculative testimony is insufficient to

12   raise a genuine issue of fact and defeat summary judgment.  *Thornhill Publ'g Co. v. Gen.*

13   *Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (ruling that a conclusory and

14   speculative affidavit did not defeat summary judgment because it "failed to set forth any

15   specific facts within [the declarant's] personal knowledge").  An affidavit or declaration

16   will not defeat summary judgment if it contains no more than conjecture or a scintilla of

17   evidence insufficient to support a jury verdict.  *See Nelson v. Pima Cmty. Coll.*, 83 F.3d

18   1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual

19   dispute for purposes of summary judgment."); *Taylor v. List*, 880 F.2d 1040, 1045 (9th

20   Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on

21   conclusory allegations unsupported by factual data.").

22          Even viewing Mr. Colvin's declaration in the light most favorable to Plaintiffs, as

ORDER- 8

1    the court is required to do, it is insufficient to raise a genuine issue of material fact

2    concerning the audio capabilities of Defendants' video camera.  A reasonable jury could

3    not find for Plaintiffs based on the evidence presented in Mr. Colvin's declaration.

4    Indeed, Plaintiffs appear to recognize the flimsy nature of the evidence they offer when

5    they acknowledge in their responsive memorandum "that sometimes in life, such odd

6    happenings do occur without wrongdoing."  (Resp. at 4.)

7         Plaintiffs also argue, however, that summary judgment is inappropriate at this time

8    because they have not yet had an opportunity to conduct discovery into the camera's

9    audio recording capabilities.  (*See* Resp. at 1-2, 5-6 (citing Fed. R. Civ. P. 56(d)).)

10   Plaintiffs explain that they are unable to produce evidence necessary to raise a genuine

11   dispute of material fact on this issue because the camera in question is in the custody of

12   Defendants.  (*Id.* at 1)  Further, at the time of Defendants' motion, the discovery period

13   had not yet begun.  (*See* Sched. Ord. at 1.)  In order to respond to Defendants' motion,

14   Plaintiffs request a sales receipt showing the make and model number of the camera, a

15   picture of the camera sufficient to identify it, and an inspection of the camera itself.

16   (Resp. at 1-2.)  The court finds that permitting a period of discovery would allow

17   Plaintiffs or their expert to determine whether the camera in question had audio recording

18   capabilities.

19        Plaintiffs have had no opportunity for discovery, so summary judgment is

20   inappropriate at this stage of litigation.  *See* Fed. R. Civ. P. 56(d) ("If a nonmovant

21   shows . . . that, for specified reasons, it cannot present facts essential to justify its

22   opposition, the court may . . . defer considering the motion or deny it[,] . . . allow time to

1    obtain affidavits or declarations or to take discovery[,] or . . . issue any other appropriate

2    order."). Plaintiffs demonstrate that they cannot present facts essential to opposing

3    summary judgment because the discovery period had not begun at the time Defendants

4    filed their motion. Based on the foregoing, the court will defer ruling on Defendants'

5    motion until after the parties have had the opportunity to conduct the limited discovery

6    requested by Plaintiffs.

7          The discovery the court permits at this time will be limited because Defendants'

8    motion raises issues concerning the court's exercise of supplemental jurisdiction over

9    Plaintiffs' remaining state law claims. Defendants argue that, if the court dismisses

10   Plaintiffs' claim under ECPA, the court should decline to exercise supplemental

11   jurisdiction over Plaintiffs' remaining state law claims.

12         The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that when the

13   district court has original jurisdiction over a civil action, it will have supplemental

14   jurisdiction "over all other claims that are so related to claims in the action within such

15   original jurisdiction that they form part of the same case or controversy under Article III

16   of the United States Constitution." 28 U.S.C. § 1367(a). A district court may, in its

17   discretion, decline to exercise supplemental jurisdiction over a claim if the district court

18   has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3);

19   *Foster v. Wilson,* 504 F.3d 1046, 1051 (9th Cir. 2007). "[I]n the usual case in which all

20   federal-law claims are eliminated before trial, the balance of factors . . . will point toward

21   declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian*

22   *Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *Carnegie-Mellon*

ORDER- 10

1   *Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

2          The court expresses no opinion at this time as to whether the exercise of

3   supplemental jurisdiction would be appropriate if summary judgment is granted with

4   respect to Plaintiffs' claim under the ECPA.  The court recognizes, however, that should

5   Defendants' motion be granted, Plaintiffs' remaining state law claims may be heard in

6   state court, not federal court.  Thus, the court will limit the discovery the parties may

7   conduct at this time to issues related to Plaintiffs' claim under the ECPA and Defendants'

8   motion for summary judgment on that claim.

9          Specifically, Defendants shall produce to Plaintiffs all documents related to the

10  purchase of the video camera or any other document showing the make and model

11  number of the camera.  Further, Defendants shall produce the video camera for inspection

12  by Plaintiffs and their expert.  Defendants or their representatives, of course, may be

13  present during any such inspection.  Defendants must produce these documents and the

14  camera for inspection no later than 30 days from the date of this order.  The court

15  prohibits the parties from engaging in any other discovery at this time.

16         Following completion of the discovery delineated above, Plaintiffs may file a

17  supplemental response to Defendants' motion for summary judgment within 60 days of

18  the date of this order.  Plaintiffs' supplemental response may include a responsive

19  memorandum, along with any appropriate declarations or affidavits.  Defendants may

20  then file a supplemental reply no later than 5 days after the filing date of Plaintiffs'

21

22

1   supplemental response.[5]  Following these submissions, the court will rule on Defendants'

2   motion for summary judgment and, if necessary, address the court's exercise of

3   supplemental jurisdiction over Plantiffs' state law claims.

4                          **IV.    CONCLUSION**

5          For the foregoing reasons, the court GRANTS Defendants' motion to strike Mr.

6   Colvin's supplemental declaration (Dkt. # 12) and DEFERS RULING on Defendants'

7   motion for summary judgment (Dkt. # 7).  The court also ORDERS the parties to engage

8   in limited discovery as delineated above in the court's order.  Finally, the parties may file

9   supplemental submissions with respect to Defendants' motion for summary judgment, as

10  also delineated above.  If no supplemental submissions are filed within the specified time

11  frame, the court will grant Defendants' motion for summary judgment as to the ECPA

12  claim, and will consider whether or not to exercise supplemental jurisdiction over

13  Plaintiffs' remaining state law claims at that time.

14         Dated this 21st day of April, 2015.

15

16

17                                    _____

18                                    JAMES L. ROBART
                                      United States District Judge

19

20

21         _____

22         [5] The page limitations delineated in Local Rule 7(e)(3) shall apply to the parties'
     supplemental submissions.  *See* Local Rules W.D. Wash. LCR 7(e)(3).