UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL COLVIN, et al.,

Plaintiffs,

v.

CAROLYN TOOLEY-YOUNG, et al.,

Defendants.

CASE NO. C14-1962JLR

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION

## I. INTRODUCTION

Before the court is Defendants James Young and Carolyn Tooley-Young's motion for partial summary judgment regarding Plaintiffs' claim under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510-2522. (Mot. (Dkt. # 7).) On April 21, 2015, the court entered an order deferring its ruling on Defendants' motion until Plaintiffs Paul Colvin and Patricia Guertin had conducted limited discovery pursuant to Federal Rule of Civil Procedure 56(d). (4/21/15 Order (Dkt. # 16).) Plaintiffs have now completed this discovery and filed their supplemental response to Defendants' motion.

(*See* Supp. Resp. (Dkt. # 19).) Defendants have also filed a supplemental reply memorandum. (Supp. Reply (Dkt. # 20).) The court has reviewed all of these submissions, the balance of the record, and the applicable law.[1] Being fully advised, the court GRANTS Defendants' motion for partial summary judgment and dismisses Plaintiffs' ECPA claim with prejudice.

In addition, Defendants also requested that the court decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims under 28 U.S.C. § 1367(c)(3). (Mot. at 4-5.) Because this litigation is in its earliest stages, the remaining state law claims are entangled with prior state court litigation that was previously settled between the parties, and neither party has indicated it will suffer undue prejudice as result, the court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and dismisses those claims without prejudice.

## II. BACKGROUND

This action arises out of an alleged violation of the ECPA, 18 U.S.C. §§ 2510-2522, which prohibits the interception of oral communications.[2] (Compl. (Dkt. # 1) ¶¶ 3.1-3.2.) Plaintiffs and Defendants own and reside on adjoining properties and have been engaged in prior litigation in state court regarding the boundary line between their

---

[1] No party has requested oral argument, and the court deems it to be unnecessary for resolution of Defendants' motion.

[2] The ECPA expressly provides a private cause of action. *See* 18 U.S.C. § 2520(a) ("[A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.").

properties. (Young Decl. (Dkt. # 7-1) ¶¶ 3-19.) Between July 2011 and August 2012, Defendants operated a security camera on their property. (*Id.* at ¶¶ 13-16.) On June 16, 2012, Plaintiffs complained to local law enforcement that the Defendants' security camera was pointed at Plaintiffs' home. (Compl. Ex. B. ("Incident Report") at 20.) Defendants removed the security camera before June 21, 2012. (*See id.* at 24.)

On December 24, 2014, Plaintiffs filed this action for damages and declaratory relief. (*See* Compl.) In addition to their ECPA claim, Plaintiffs also alleged a variety of state law claims, including intentional and negligent infliction of emotional distress (*id.* ¶¶ 3.3-3.4), declaratory relief (*id.* ¶¶ 3.5-3.7), breach of a settlement agreement (*id.* ¶¶ 3.8-3.11), specific performance (*id.* ¶¶ 3.12-3.13), public and private nuisance (*id.* ¶¶ 3.14-3.15), trespass (*id.* ¶¶ 3.16-3.17), timber trespass under RCW 64.12.030 (Compl. ¶¶ 3.18-3.20), and conversion (*id.* ¶¶ 3.21).

On February 13, 2015, Defendants filed a motion for summary judgment concerning Plaintiffs' ECPA claim. (*See* Mot. at 2-4.) Defendants contend that the security camera they installed and operated on their property has no audio capability and therefore lacked the capacity to intercept oral communications. (*See id.* at 4; *see also* Young Decl. ¶¶ 14, 16.) Accordingly, Defendants asked the court to dismiss Plaintiffs' ECPA claim with prejudice. (*Id.* at 4, 6.) In addition, Defendants asked the court, pursuant to 28 U.S.C. § 1367(c)(3), to decline to exercise supplemental jurisdiction over Plaintiffs' various state law claims and to dismiss those claims without prejudice. (Mot. at 4-6.)

Pursuant to Federal Rule of Civil Procedure 26 and this court's scheduling order,

the parties were not permitted to begin discovery until March 24, 2015. (Sched. Ord. (Dkt. # 6) at 1.) Defendants filed their motion for summary judgment on February 13, 2015, more than a month prior to that date. (*See* Mot.) Indeed, Defendants' motion for summary judgment was noted for consideration on March 13, 2015, before the start of discovery. (*See id*. at 1.) Plaintiffs asserted in their initial response to Defendants' motion that they required certain discovery in order to respond adequately to Defendants' motion. (*See* Resp. (Dkt. # 8) at 1-2, 5-6 (citing Fed. R. Civ. P. 56(d)).)

On April 21, 2014, the court held that although the evidence Plaintiffs filed in response to Defendants' motion was insufficient to raise a genuine issue of material fact to avoid summary judgment, Plaintiffs were entitled to a limited amount of discovery before the court ruled definitively on Defendants' motion. (4/21/15 Order at 9-10.) Accordingly, the court deferred ruling on Defendants' motion concerning the ECPA claim until after Plaintiffs had the opportunity to discover certain documents related to the security camera and to inspect the camera itself. (*Id.* at 11-12.)

Plaintiffs have now had an opportunity to obtain the discovery ordered by the court and to file their supplemental response to Defendants' motion. (*See generally* Supp. Resp.) In addition to their supplemental responsive memorandum, Plaintiffs filed a supplemental declaration from Mr. Colvin (Supp. Colvin Decl. (Dkt. # 19-1 at 1-19)) and a declaration from Ms. Kathleen Fussell (Fussell Decl. (Dkt. # 19-1 at 20-24)), a long-time Radio Shack employee who has worked as a manager at several Radio Shack stores (*id.* ¶ 3). Defendants have also filed a supplemental reply memorandum (*see generally* Supp. Reply), along with a joint supplemental declaration from Mr. Young and Ms.

Young (Supp. Young Decl. (Dkt. # 20-1)). The court now considers Defendants' motion.

## III. ANALYSIS

### A. Standards

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing that there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658.

There are, however, limits to the sufficiency of evidence offered to defeat a motion for summary judgment. Conclusory or speculative testimony is insufficient to raise a genuine issue of fact and defeat summary judgment. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (ruling that a conclusory and speculative affidavit did not defeat summary judgment because it "failed to set forth any specific facts within [the declarant's] personal knowledge"). An affidavit or declaration will not defeat summary judgment if it contains no more than conjecture or a scintilla of evidence insufficient to support a jury verdict. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual

dispute for purposes of summary judgment."); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."). "A non-movant's bald assertions or a mere scintilla of evidence are both insufficient to withstand summary judgment." *FTC v. Stephanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (citing *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007)).

**B. ECPA**

The Ninth Circuit has held that the ECPA prohibits the audio recording of third-party communications, but not video recording. *See United States v. Koyomejian*, 970 F.2d 536, 537 (9th Cir. 1992) ("Silent domestic video surveillance is neither prohibited nor regulated by Title I [of the ECPA]."). Defendants contend that the security camera in question does not have audio recording capabilities, that Plaintiffs have failed to provide first-hand knowledge of an interception of oral communications, and that Defendants are thus entitled to judgment as a matter of law on the ECPA claim. (Mot. at 2-4.) In support of their motion for summary judgment, Defendants originally submitted a declaration from Mr. Young. (*See* Young Decl.) Mr. Young testified that the video camera he installed on his property "did not have audio capability." (*Id.* ¶ 14.) He further testified that the camera "did not have a microphone" or any other means of recording sound. (*Id.*)

Plaintiffs have now had an opportunity to conduct the discovery they requested on their ECPA claim, and have submitted a supplemental response to Defendants' motion. In order to avoid summary judgment, Plaintiffs must raise a genuine issue of material fact

concerning Defendants' use of audio recording in the security system at issue. Plaintiffs fail to do so.

At most, Plaintiffs show that the Digital Video Recorder ("DVR") that was a part of the security system allowed for audio capability because it included two audio output jacks and four audio input jacks. (*See* Supp. Colvin Decl. ¶¶ 6-8; Fussell Decl. ¶¶ 7, 10, 12.) Plaintiffs, however, have produced no evidence that any of the four cameras purchased with the security system had audio capabilities that could be connected to the DVR's audio input jacks. (*See* Supp. Colvin Decl. ¶¶ 11-12; *see* Fussell Decl. ¶¶ 13-14.) Plaintiffs suggest that it is possible that Defendants installed some other camera on the security system with audio capabilities that looked similar to the cameras purchased with the security system. (Supp. Colvin Decl. ¶¶ 13-14; Fussell Decl. ¶¶ 8-9.) This is pure speculation. There is no evidence that any camera other than the ones produced by Defendants were ever utilized as a part of Defendants' security system.[3]

Indeed, Defendants testify that "while the recorder [they purchased] may have had an audio jack for the plug in of additional audio recording equipment, there was no audio

---

[3] Plaintiffs suggest that Defendants lack credibility because three out of four camera connection cables were missing from the boxed security system at the time Defendants produced it to Plaintiffs for inspection. (Supp. Colvin Decl. ¶ 15.) Defendants explain, however, that when they removed the security system and boxed it up for storage in their garage, they did not dig up or unscrew from under the eaves the three cables. (Supp. Young Decl. ¶¶ 8-9.) The "missing" cables provide no grounds upon which Plaintiffs can rely to avoid summary judgment here.

Plaintiffs also suggest that the fact that Defendants refused to allow police (who had been called by Plaintiffs) to inspect Defendants' security system "creates an inference that [Defendants] had both audio and video capabilities when they recorded the Plaintiffs." (*See* Supp. Resp. at 4.) The court finds that no reasonable juror could draw the suggested inference from this evidence.

equipment in the box," and they "did not purchase any additional audio equipment and did not connect anything to the audio jack." (Supp. Young Decl. ¶ 4.) Indeed, the Youngs state unequivocally that "no microphones were included in the system or attached to the recorded [sic]." (*Id.* ¶ 5.) This testimony is uncontroverted. Plaintiffs' speculation concerning other cameras or equipment that might or could have been utilized in conjunction with the DVR at issue is insufficient to withstand summary judgment on their ECPA claim.[4] *See Nelson*, 83 F.3d at 1081-82 (9th Cir. 1996).

Plaintiffs nevertheless argue that they should be entitled to even more discovery concerning their ECPA claim. (*See* Supp. Resp. at 3, 5.) Plaintiffs had the opportunity to request the discovery they needed in their initial response to Defendants' motion. In their original response, Plaintiffs requested discovery to obtain a sales receipt showing the make and model number of the camera, a picture of the camera sufficient to identify it, and an inspection of the camera itself. (Resp. at 1-2.) The court granted these requests. (*See* 4/21/15 Order at 11.) A party requesting a Rule 56(d) continuance bears the burden of (1) filing a timely application that specifically identifies relevant information; (2) demonstrating that there is some basis to believe that the information sought exists; and

---

[4] Plaintiffs suggest that even if Defendants' security system did not contain audio capabilities that "lip reading [from the video recording] could be construed to be covered under the [ECPA]." (Supp. Resp. at 3.) Such an interpretation would stretch the statutory language beyond recognition and would be inconsistent with Ninth Circuit precedent. *See Koyomejian*, 970 F.2d at 537; *see also United States v. Larios*, 593 F.3d 82, 90 (1st Cir. 2010) ("Every circuit court to address the issue has concluded that [the ECPA] does not regulate silent video surveillance."); *Thompson v. Johnson Cnty. Cmty. Coll.*, 930 F. Supp. 501, 504-07 (D. Kan. 1996) (holding that the defendant was entitled to summary judgment on ECPA claim because defendant installed a video-only security system that produced a tape with no audio track). Accordingly, the court rejects Plaintiffs' proposed interpretation.

(3) establishing that such information is essential to resist the summary judgment motion. *See Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co*., 353 F.3d 1125, 1130 (9th Cir.2004) (citation omitted). The court will not now consider Plaintiffs' request for additional discovery when the court has previously granted Plaintiffs' Rule 56(d) request, Plaintiff has obtained the discovery requested, and Plaintiff has failed to make any showing that granting an additional Rule 56(d) request is likely to alter the result. Accordingly, the court grants Defendants' motion for summary judgment on Plaintiffs' ECPA claim and dismisses Plaintiffs' ECPA claim with prejudice.

**C. Supplemental Jurisdiction**

In their motion, Defendants also request that, if the court grants their motion for summary judgment on Plaintiffs' ECPA claim, then the court should decline to exercise supplemental subject matter jurisdiction over Plaintiffs' remaining state law claims and should dismiss those claims without prejudice. (Mot. at 4-6.) Section 1367(c)(3) provides that the court "may decline to exercise supplemental jurisdiction over [other claims] . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(7). The court warned the parties that, following resolution of Defendants' motion for summary judgment, it would "address the court's exercise of supplemental jurisdiction over Plaintiffs' state law claims" if necessary. (4/21/15 Order at 12.) Nevertheless, neither party addressed this issue in their supplemental responses. (*See generally* Supp. Resp.; Supp. Reply.)

The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that when the district court has original jurisdiction over a civil action, it will have supplemental

jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may, however, in its discretion, decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007). Discretion to decline the exercise of supplemental jurisdiction over state law claims is informed by "values of economy, convenience, fairness, and comity." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

This litigation is in its earliest stages. Except for ruling on Defendants' present motion, the court has not invested substantial judicial resources in the resolution of this dispute. Further, except for the limited discovery related to Plaintiffs' ECPA claim described above, the parties have not yet conducted discovery concerning Plaintiffs' state law claims. With the court's dismissal of Plaintiffs' ECPA claim, this matter is entirely enmeshed in state law issues and claims. Further, Plaintiffs' state law claims appear to be related to previous state court litigation between the parties and also may be subject to the settlement agreement previously executed by the parties in that litigation. (*See* Young Decl. ¶¶ 3-20.) Thus, economy of resources and comity favor the court's declination of supplemental jurisdiction. Finally, Plaintiffs have identified no undue inconvenience or

prejudice that they will suffer if the court declines supplemental jurisdiction and they are forced to pursue their state law claims in the local state court. Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. The court, therefore, dismisses those claims without prejudice.

## IV. CONCLUSION

Based on the foregoing, the court GRANTS Defendants' motion for summary judgment on Plaintiffs' ECPA claim (Dkt. # 7). The court DISMISSES this claim WITH PREJUDICE. Further, pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over the Plaintiffs' remaining state law claims and DISMISSES those claims WITHOUT PREJUDICE.

Dated this 13th day of July, 2015.

JAMES L. ROBART
United States District Judge